**Ricardo Luis Fonseca ROJO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–70482.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 22, 2008.

Filed Oct. 31, 2008.

Michael Grim, M.D., Law Office of Fernando Quinones, San Francisco, CA, Fernando Quinones, Esquire, Concord, CA, for Petitioner.

Alison Marie Igoe, Esquire, Principal Litigation Counsel, OIL, Ari Nazarov, Esquire, U.S. Department of Justice, Washington, DC, Ronald E. LeFevre, Office of the District Counsel, San Francisco, CA, for Respondent.

Before: SCHROEDER, D.W. NELSON and REINHARDT, Circuit Judges.

MEMORANDUM *

Ricardo Luis Fonseca Rojo petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's (IJ) denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Because of legal errors committed by the IJ, we grant in part, deny in part, and remand for further consideration.

█ Absent past persecution, an applicant is still eligible for asylum if he can demonstrate a well-founded fear of future persecution that is both subjectively genuine and objectively reasonable. *See* 8 C.F.R. § 1208.13(b). Fonseca Rojo satisfied the subjective prong by credibly testifying that he fears for his life if he is forced to return to Chile. *See Li v. Ashcroft,* 356 F.3d 1153, 1159 (9th Cir.2004) (en banc). Fonseca Rojo's return trip to Chile does not by itself constitute substantial evidence that he lacked a subjective fear. *See Boer–Sedano v. Gonzales,* 418 F.3d 1082, 1091 (9th Cir.2005) ("We have never held that the existence of return trips standing alone" can negate a petitioner's well-founded fear).

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The objective prong requires "credible, direct, and specific evidence" supporting a "reasonable fear of persecution." *See Karouni v. Gonzales,* 399 F.3d 1163, 1170 (9th Cir.2005) (internal quotations omitted). The IJ denied Fonseca Rojo's claim because of insufficient evidence that he *"would be* persecuted" if returned to Chile. The reasonable fear standard, however, "does not require certainty of persecution or even a probability of persecution." *Hoxha v. Ashcroft,* 319 F.3d 1179, 1184 (9th Cir.2003). On the contrary, "even a ten percent chance of persecution" suffices. *Karouni,* 399 F.3d at 1178 (internal quotations omitted). Because the IJ based his asylum determination on the incorrect legal standard, we grant the petition and remand for further consideration. *See Vukmirovic v. Ashcroft,* 362 F.3d 1247, 1251 (9th Cir.2004) ("[W]e must grant a petition for review and, in an appropriate case, remand a case for further consideration when the denial of asylum was based on an error of law."); *Kotasz v. INS,* 31 F.3d 847, 851 (9th Cir.1994) ("[The substantial evidence standard] does not ... preclude a court from vacating the BIA's asylum determination and remanding a case for further consideration where the BIA's denial of asylum was based upon an error of law.").

Because the IJ's denial of Fonseca Rojo's withholding of removal claim was predicated upon his asylum determination, we also grant this part of the petition and remand for a determination of Fonseca Rojo's eligibility for withholding of removal in the first instance. *See Karouni,* 399 F.3d at 1178.

Finally, because substantial evidence supports the IJ's determination that there is not a clear probability Fonseca

Rojo would be tortured if returned to Chile, we deny this part of the petition.

**GRANTED** in part, **DENIED** in part, and **REMANDED.**